IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  15-cr-00149-JLK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  RAUL CARAVEO,
2.  PAMILA LUCERO,
3.  SABRINA CARAVEO,
4.  EUGENE CHAVEZ,
5.  CAROLINA ARAGON,
6.  CRISTINA PORTILLOS,
7.  CONRAD ARCHULETA, and
8.  NANCY GUZMAN,

    Defendants.

_____

**GOVERNMENT'S MOTION FOR COURT ORDER AUTHORIZING
VIDEOTAPED DEPOSITION OF DEFENDANT
CAROLINA ARAGON PURSUANT TO FED. R. CRIM. P. 15**
_____

    The United States respectfully requests an Order from the Court, pursuant to Fed. R. Crim. P. 15, authorizing the United States to take the videotaped deposition of Defendant Carolina Aragon at 10:00 a.m. on August 12, 2015.  In support of this motion, the United States asserts as follows:

    1.  Ms. Aragon was interviewed by IRS Special Agent Tony Romero on May 9, 2014, and was debriefed at the United States Attorney's Office by undersigned counsel and Agent Romero on March 5, 2015.  Ms. Aragon admitted her involvement in the charged tax fraud scheme and implicated defendants Raul Caraveo, Pamila Lucero and Eugene Chavez in the scheme as well.

1

2.  Ms. Aragon and the United States have verbally agreed to the terms of a plea agreement whereby she has agreed to plead guilty to Count 1, charging a conspiracy to file false claims for refund, in violation of Title 18, United States Code, Section 286. Ms. Aragon has also agreed to cooperate with the government, to include testifying at all hearings and trial(s) against defendants currently or subsequently charged in this case. In exchange, the government has agreed to move to dismiss the remaining counts of the indictment against her and consider filing a U.S.S.G. 5K1.1 motion depending on the extent of Ms. Aragon's cooperation.

3.  Ms. Aragon is experiencing liver failure and has been on a wait list for a liver transplant for the last several months. While Ms. Aragon was well enough to travel to Denver to participate in a debrief on March 5, 2015, her health has since rapidly declined.

4.  Specifically, Ms. Aragon's liver failure is causing an accumulation of fluid which affects her breathing and other organs. In late May, Ms. Aragon was hospitalized and 20 pounds of fluid (about 10 quarts) were removed to relieve pressure on her heart and lungs. She was hospitalized for three days. At the end of June, Ms. Aragon was having trouble breathing again and was transported to the emergency room. She was hospitalized for a day while more fluid was removed. Ms. Aragon's counsel advises that the buildup of fluid which causes difficulty breathing will continue to be a problem until Ms. Aragon receives a new liver.

5.  Ms. Aragon is essentially bedridden. She receives assistance for her daily living needs from her daughter and a home health care provider. The health care provider comes to Ms. Aragon's home three times a week. Ms. Aragon is receiving

physical therapy at home. She has been asked by a medical professional if she is interested in receiving hospice care.

6. Given the dire situation regarding Ms. Aragon's health, the United States requests permission to conduct a videotaped deposition of Ms. Aragon's testimony to be presented at any trial in this matter, if necessary. The deposition, if authorized, would take place in a federal courtroom as designated by the Court. Undersigned counsel would file the necessary Inmate Production Requests for the presence of incarcerated Defendants Raul Caraveo and Conrad Archuleta, and a writ to secure the presence of Defendant Eugene Chavez, who is currently in state custody (explained below). The United States Marshals Service advises that they are able to transport these defendants to the federal courthouse for a deposition. Ms. Aragon's attorney, Mr. Robert Pepin, believes that Ms. Aragon could be transported from Pueblo to the deposition in Denver with the assistance of her caregiver or family member and the use of a wheelchair.

7. Federal Rule of Criminal Procedure 15(a)(1) provides in relevant part that "A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1); *United States v. Fuentes-Galindo,* 929 F.2d 1507, 1509 (10th Cir. 1991). That testimony may be used at trial "as substantive evidence" in chief "as well as for purposes of impeachment" if the witness is unavailable. Fed. R. Crim. P. 15 (advisory committee notes, subdivision (e)); *United States v. Gigante,* 166 F.3d 75, 81 (2d Cir. 1999).

8. Unavailability of a witness is defined by reference to Federal Rule of Evidence

804(a), which includes situations in which a witness "cannot be present or testify at the trial or hearing because of death or a then-existing infirmity, physical illness, or mental illness." Fed. R. Evid. 804(a)(4).

9. Prior to the 1975 amendments to Rule 15, in deciding whether to allow a deposition for use at trial, courts considered whether "(1) the witness's testimony was material; (2) the witness would be unavailable to testify; and (3) the taking of the deposition was necessary to prevent a failure of justice." *Fuentes-Galindo,* 929 F.2d at 1509 (citation omitted). These factors were replaced with the phrase "exceptional circumstances." *Id.* Nonetheless, the *Fuentes-Galindo* considered these factors to determine whether "exceptional circumstances" were present to warrant the taking of a Rule 15 deposition to be used at trial.

10. Here, all three criteria are met. Ms. Aragon is a named defendant who was involved in this tax fraud scheme from August 2012 through May 2014. She has direct knowledge of the roles played by Raul Caraveo, Eugene Chavez, and Pamila Lucero in this tax fraud scheme during this time frame. She is willing to testify at trial regarding her involvement and that of the other defendants listed above. Accordingly, her testimony is material.

11. As to unavailability, given Ms. Aragon's current condition, if she does not receive a liver transplant, it is unlikely she will be available to testify at any trial in this case, given the current speedy trial deadline (for the first six named defendants) of October 26, 2015. If Ms. Aragon does receive a liver transplant and her health improves prior to the proposed August 12, 2015 deposition, undersigned counsel would inform the Court and counsel of this fact and there would be no need to depose Ms. Aragon. Similarly, if

4

Ms. Aragon's health improves prior to any trial scheduled in this matter, the government would not attempt to introduce her deposition, and would instead call her to the stand. The United States understands its duty to "make a good-faith effort to procure a witness's attendance at trial before a deposition is used." *Barber v. Page,* 390 U.S. 719, 724-25 (1968).

12. The taking of Ms. Aragon's deposition is necessary to prevent a failure of justice in that it is necessary to preserve her testimony for trial. The government is entitled to present this material testimony. Rule 15 is designed exactly for the situation presented here. *See Furlow v. United States,* 644 F.2d 764, 766-67 (9th Cir. 1981) (witness "was ill and the purpose of taking his testimony was to preserve it and have it for trial, which is within the contemplation of" Rule 15) (citation omitted).

13. Undersigned counsel learned of the extent of Ms. Aragon's decline on Wednesday, June 3, 2015. Ms. Aragon, her counsel Mr. Pepin, and undersigned counsel confirmed that they were all available to depose Ms. Aragon on June 12, 2015. Undersigned counsel contacted the remaining counsel as to their availability on that date, and was informed (by all counsel except Ms. Portillos's) that given the complexity of the case and amount of discovery, counsel would need 60 days to prepare for any deposition of Ms. Aragon.

14. After the proposed June 12, 2015 date, counsel for Ms. Aragon was unavailable for a deposition until July 14, 2015. On June 8, 2015, undersigned counsel contacted defense counsel about deposing Ms. Aragon on July 14, 2015. Counsel for Defendants Raul Caraveo and Eugene Chavez maintained that they needed 60 days to prepare for Ms. Aragon's deposition, but that if the Court granted the motion over their

objections, they were both available on July 14, 2015, for the proposed deposition. Counsel for Defendants Pamila Lucero, Sabrina Caraveo, and Cristina Portillos advised that they did not oppose the government's motion and were available to depose Ms. Aragon on July 14, 2015.

15. The superseding indictment was then returned on June 10, 2015, and undersigned counsel felt it necessary to wait until Defendants Conrad Archuleta and Nancy Guzman were appointed counsel so that she could confer with them about their availability for a deposition, and therefore, postponed filing the motion for authorization to depose Ms. Aragon on July 14, 2015.

16. Defendant Chavez is currently scheduled for trial on July 20 to July 24, 2015, on charges of attempted murder as well as other violent offenses in Jefferson County Case No. 2014CR2932. He is in the custody of the Department of Corrections on a writ. *See* Doc. 91.

17. The U.S. Marshals Service advises that the soonest they can transport Defendant Chavez from the custody of the Department of Corrections after his trial to federal custody is August 7, 2015.

18. Undersigned counsel has conversed via email with opposing counsel regarding this motion. Undersigned counsel proposed deposing Ms. Aragon on August 7, 2015. After certain counsel responded that they were unavailable on that date, a deposition date of August 12, 2015, was proposed. All counsel are available on August 12, 2015, however, it is necessary for Ms. Marci Gilligan, counsel for Defendant Sabrina Caraveo, to appear by phone on that date. In addition, Mr. Martin Stuart and Mr. Thomas Ward, counsel for Defendants Raul Caraveo and Eugene Chavez respectively, maintain that

6

they need 60 days to prepare for Ms. Aragon's deposition once there is a Court order authorizing such deposition.

19.   In light of the fact undersigned counsel has been in contact with the first six named defendants' counsel since early June about the proposed deposition of Ms. Aragon, the government submits that giving defense counsel more than 30 days to prepare for the deposition is "reasonable written notice" as contemplated by Rule 15(b)(1). *See United States v. Martinez,* 198 Fed. App'x 704, 711-12 (10th Cir. 2006) (even though government's eleventh hour notice to defense counsel at 3:00 p.m. of deposition the following morning at 9:00 a.m. was problematic, district court did not abuse its discretion in ordering deposition, given that the defendant had the opportunity to cross-examine the witness).  Ms. Aragon's participation in the conspiracy is explained in Count 1, and she is charged in only three substantive counts, Counts 37-39.   In addition, counsel have received in discovery the audio recordings and written transcripts of Ms. Aragon's May 9, 2014 interview and March 5, 2015 debrief.  Frankly, scheduling the deposition this far out may be too late.

For the reasons set forth above, the United States submits it has established that exceptional circumstances exist and that the interests of justice would be served by allowing the videotaped deposition of Defendant Carolina Aragon to occur at 10:00 a.m. on August 12, 2015, in a federal courtroom as designated by the Court.

Respectfully submitted,

*s/ Martha A. Paluch*
Martha A. Paluch
Assistant U.S. Attorney
United States Attorney's Office
1225 17th Street, Suite 700
Denver, CO  80202
(303) 454-0100
Martha.paluch@usdoj.gov

## CERTIFICATE OF SERVICE

  I hereby certify that on this 9th day of July, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

Mr. Martin Stuart  
Counsel for Raul Caraveo  
mstuart@portmanstuart.com

Mr. John Schlie  
Counsel for Pamila Lucero  
johnhenry@schlielawfirm.com

Ms. Marci Gilligan  
Counsel for Sabrina Caraveo  
gilligan@ridleylaw.com

Mr. Thomas Ward  
Counsel for Eugene Chavez  
tward@wardlawdenver.com

Mr. Robert Pepin  
Counsel for Carolina Aragon  
Robert_Pepin@fd.org

Mr. John Mosby  
Counsel for Cristina Portillos  
john_mosby@msn.com

Mr. David Owen, Jr.  
Counsel for Conrad Archuleta  
davidowen@lodopc.com

Mr. John Sullivan, III  
Counsel for Nancy Guzman  
jfslaw1@aol.com

           s/ *Mariah Tracy*  
           MARIAH TRACY  
           Legal Assistant  
           U.S. Attorney's Office  
           1225 17th St., Suite 700  
           Denver, CO  80202  
           Telephone:  (303) 454-0100  
           Fax:  (303) 454-0401  
           e-mail: Mariah.Tracy@usdoj.gov