# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# JUDGE RAYMOND P. MOORE

| | |
|---|---|
| Courtroom Deputy: Cathy Pearson | Date: June 16, 2016 |
| Court Reporter: Janet Coppock | Interpreter: n/a |
| Probation Officer: Nicole Peterson | |

**CASE NO.**

| Parties | Counsel |
|---|---|
| UNITED STATES OF AMERICA, | Martha Paluch |
| | Bryan Fields |
| Plaintiff, | |
| v. | |
| 5.  CAROLINA ARAGON, | Robert Pepin |
| Defendant. | |

## COURTROOM MINUTES

**SENTENCING HEARING**
**COURT IN SESSION:**     1:01 p.m.
Appearances of counsel.   Defendant is present and on bond.

Defendant entered her plea on August 12, 2016, to Count 1 of the Superseding Indictment.   The Court formally accepts the Plea Agreement at this hearing.

Discussion held regarding pending motions and objections.

**ORDERED:**   Government's Motion to Dismiss Counts with Prejudice (Doc. 178) is GRANTED as stated on the record.

**ORDERED:**   Government's Motion for Sentencing Reduction for Defendant Pursuant to U.S.S.G. § 5K1.1 (Doc. 472) is GRANTED as stated on the record.

Discussion held regarding sentencing recommendations.

Defendant addresses the Court regarding sentencing.

Statement by the Court regarding defendant's offense level, criminal history level, and sentencing guidelines range.

Court states its findings and conclusions.

**ORDERED:**  Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, CAROLINA ARAGON, is sentenced to a term of **TIME SERVED.**

**ORDERED:**  Upon release from imprisonment, defendant shall be placed on **supervised release** for a period of **three (3)** years.

**ORDERED:  Mandatory Conditions** of Supervised Release that:
- (**X**) Within 72 hours of release from the custody of the Bureau of Prisons, defendant shall report in person to the probation office in the district to which the defendant is released.
- (**X**) Defendant shall not commit another federal, state or local crime.
- (**X**) Defendant shall not illegally possess controlled substances.
- (**X**) Defendant shall not possess a firearm or destructive device.
- (**X**) Defendant shall comply with standard conditions recommended by U.S. Sentencing Commission.
- (**X**) Defendant shall refrain from the unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance.
- (**X**) Defendant shall cooperate in the collection of a DNA sample from the defendant as directed by the probation officer.
- (**X**) Mandatory drug testing provisions of 18 U.S.C. § 3583(d) are WAIVED because the presentence investigation report indicates a low risk of future substance abuse by the defendant.

**ORDERED:  Special Conditions** of Supervised Release that:
- (**X**) Defendant shall comply with the terms and conditions for payment of the special assessment, restitution or fine imposed by this judgment.
- (**X**) Defendant shall pay any **special assessment, restitution, fine** that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.
- (**X**) Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the installment payment schedule.
- (**X**) If Defendant has an outstanding financial obligation, the probation office may share any financial or employment documentation relevant to the defendant with the Asset Recovery Division of the United States Attorney's Office to assist in the collection of the obligation.
- (**X**) Defendant shall participate in and successfully complete a program of mental health treatment, as directed by the probation officer, until such time

        as the defendant is released from the program by the probation officer. Defendant will be required to pay the cost of treatment as directed by the probation officer.

(**X**)    Defendant shall remain medication compliant and shall take all medications that are prescribed by his/her treating psychiatrist. The defendant shall cooperate with random blood tests as requested by his treating psychiatrist and/or supervising probation officer to ensure that a therapeutic level of her prescribed medications is maintained.

**ORDERED:** Defendant shall pay **$100** to **Crime Victim Fund** (Special Assessment), to be paid immediately.

**ORDERED:** **No fine** is imposed, because the defendant has no ability to pay a fine.

**ORDERED:** Defendant shall make **restitution** as follows:   $21,850.84 to IRS RAC, Attn:   Mail Stop 6251, Restitution, 333 West Pershing Avenue, Kansas City, MO 64108.   Restitution is joint and several with codefendants Raul Caraveo, Eugene Chavez, and Pamila Lucero.

**ORDERED:** Interest on the restitution is **waived,** because the defendant has no ability to pay the interest.

The Court finds, pursuant to 18 U.S.C. § 3663A(c)(3)(B), that determining complex issues of fact related to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process.

Defendant advised of right to appeal.

**ORDERED:** Any notice of appeal must be filed within 14 days.

**ORDERED:** Bond is exonerated.

**Court in recess:**    **1:20 p.m.**
Hearing concluded.
Total time:            00:19